Judge Robertson,
dfelivered the opinion of the Court.
On the issue of “covenants performed;” the defendant in error, who was plaintiff below, recovered a verdict for $500, against the administrator of the covenantor on a bond given in 1812, for the conveyance of 110 acres of land.
No consideration is stated in the bond; but its penalty is $600.
After judgment on the verdict, the defendant moved for a new trial; because, 1st. The verdict, was for an amount, greater than the evidence justified. 2d. He had discovered, after the jury was sworn, by scrutinizing the face of the bond, that it had been altered by the substitution of $600 for $300 in the penal part, which was unknown to him before the jury was sworn, nothavinghad any personal knowledge of the bond, nor having seen it until a few moments, before it was too late to file an additional plea, or ask for a continuance. ,
In support of this 2d ground, the defendant filed hi® affidavit. But the court overruled the motion, and this writ of error is prosecuted to reverse the judgment.
The only evidence in addition to the bond, were the statements of two witnesses; one swore, that the price given for the land was $200 in property, and that the value of the land at the time of the sale did not exceed $2 an acre. The other supposed that the land was worth $2, 50 cts; but on cross examination acknowledged that he was not more than fifteen years old at the date of the contract, and had no recollection of any sales of land in the neighborhood.
Whether the value of the land when sold, or the price given for it with interest, be assumed as the criterion of damages, this verdict is not sustained by the testimony. The modern doctrine seems to be, that the value of the land is the proper test; but that the *97 best evidence of that value,! is the price given-. The pi ice given in this case according to a reasonable construction of the testimony, could not have been than .$200 in money. Nor had the jury a right rationally to infer from the evidence, that the value of the land exceeded $220.
In oases ex contractu, when a new trial should, be granted.
When def’t discovers an alteration on the face of the instrument tendered, at a period so late that he can neither plead an additional plea, nor move a continuance, it is good cause for a new trial.
Judgment* mandate.
Mayes, for plaintiff; Monroe, for defendant.
The proof of the value, and of the consideration, nearly correspond and fortify the conclusion, that the jury ought not to have assumed as the basis of their verdict more than $220, at the greatest extent. And in a case ex contractu, when the evidence preponderates so decisively against the verdict, as it does in this case, a new trial would be proper. Indeed there is no evidence to sustain the amount of the verdict.
The 2d ground also, was sufficient to authorize a new trial. The administrator does not state in his affidavit, that he can prove an alteration in the bond, by witnesses; this in ordinary cases would be required, but in this, it ought not to be; he could not be expected to know whethfer he could prove any thing by witnesses or not, as he made the discovery of the alteration only on the trial; and moreover, he may be able to establish the deed by inspection. Indeed he swears this; and states, that on a new trial, he would in his opinion, be able to sustain the plea of non est factum.
Under all the peculiar circumstances of the case, the affidavit discloses good ground for a new trial.
Judgment reversed, and the case remanded for a *- • 1 new trial